UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER M. JOHNSON,

   Plaintiff,

   v.                                   CAUSE NO. 3:23-CV-1087-DRL-MGG

INDIANA STATE OF *et al.*,

   Defendants.

OPINION AND ORDER

Christopher M. Johnson, a prisoner without a lawyer, filed an amended complaint. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson alleges that he's disabled and uses a wheelchair. On October 7, 2023, around 10:33 p.m., inside D-Unit on the E.C. Side, he was trying to speak with a female sergeant about a matter that his unit officer didn't seem to want to deal with. Suddenly he was on the ground and out of his wheelchair. The female sergeant and the unit officer were pulling on his arms. Two more male sergeants approached and joined the other two officers. They were on top of him, making it hard to breath and someone was pushing a

knee into his side. He was placed in his wheelchair and cuffed behind his back. Then, a male sergeant said, "watch this." The sergeant approached Mr. Johnson from behind. He grabbed Mr. Johnson's wrists and lifted them up toward his head and then twisted them. When the incident had concluded, Mr. Johnson heard the officers coming up with a story about what happened. They agreed that the female sergeant would say that Mr. Johnson spat on her to justify the use of force. The two male sergeants didn't want to do paperwork, so they decided that they would say that the situation was under control when they arrived.

Under the Eighth Amendment, prisoners can't be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386, 396 (1989), *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied* 414 U.S. 1033 (1973).

Giving Mr. Johnson the benefit of all reasonable inferences, it can plausibly be inferred that the four individuals involved in the October 7, 2023 incident each used force maliciously and sadistically to cause harm to Mr. Johnson. Therefore, he will be permitted

2

to proceed against them. The Warden of the Westville Correctional Facility will be added as a defendant for purposes of identifying the unknown defendants.[1]

Mr. Johnson has also sued the State of Indiana. He asserts that, because of his disability, he should have been sentenced to home detention, not incarceration. To the extent that Mr. Johnson is seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Though this court expresses no opinion on whether Mr. Johnson should file a habeas petition, to the extent he's seeking relief only available through a habeas petition, he needs to file a habeas petition against the warden in a separate case.

Mr. Johnson has sued the Indiana Department of Correction too. He alleges that, because of his disability, he should have been placed in a medical unit for his safety.[2] "[P]rison officials have broad administrative and discretionary authority over the

---

[1] Mr. Johnson notes that two of the officers were responsible for taking his property after the incident, and he ended up missing. It's unclear if Mr. Johnson is attempting to claim this violates his constitutional rights, but to the extent he is making such a claim, it can't succeed. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

[2] Mr. Johnson does not indicate that his access to medical care is inadequate for his condition.

3

institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotations, brackets, and citations omitted). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. The facts presented here don't warrant an intrusion upon that discretion.

Finally, Mr. Johnson sued the Westville Correctional Facility and its staff. The Westville Correctional Facility is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot proceed against the Westville Correctional Facility. Furthermore, he can't proceed against non-specific members of the staff at the Westville Correctional Facility because he has not alleged that any particular person has violated his rights. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (Public officials "are responsible for their own misdeeds but not for anyone else's.").

For these reasons, the court:

(1) GRANTS Christopher M. Johnson leave to proceed against the unknown female sergeant, unit manager, and two male sergeants in their individual capacities for compensatory and punitive damages for using excessive force against Mr. Johnson on October 7, 2023, in violation of the Eighth Amendment;

(2) DIRECTS the clerk to add the Warden of the Westville Correctional Facility in his official capacity as a defendant only for the purpose of identifying the unknown defendants;

(3) DISMISSES all other claims;

(4) DISMISSES the State of Indiana and Indiana Department of Correction;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of the Westville Correctional Facility, at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 13);

(6) WAIVES the Warden of Westville Correctional Facility's obligation to file an answer to the amended complaint;

(7) ORDERS the Warden of Westville Correctional Facility to appear and identify the four unknown individuals described in Mr. Johnson's amended complaint (ECF 13) by or before **May 10, 2024**, or show cause why he's unable to do so;

(8) GRANTS Mr. Johnson until **July 10, 2024**, to amend his complaint to name the previously unknown individuals identified by the Warden of the Westville Correctional Facility; and

(9) CAUTIONS Mr. Johnson that, if he doesn't respond by the deadline, this case could be dismissed for failure to prosecute.

SO ORDERED.

March 29, 2024                          *s/ Damon R. Leichty*
                                                      Judge, United States District Court