UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER M. JOHNSON,

Plaintiff,

v.

CAUSE NO. 3:23-CV-1087-DRL-MGG

STATE OF INDIANA,

Defendants.

OPINION AND ORDER

Christopher M. Johnson, a prisoner without a lawyer, filed an amended complaint. ECF 22. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson has amended his complaint to name previously unidentified defendants. He alleges that he's disabled and uses a wheelchair. On October 7, 2023, around 10:33 p.m., inside D-Unit on the E.C. Side, he was trying to speak with Sergeant Jessica Brown about a matter that his unit officer, Andre Bey, didn't seem to want to deal with. Suddenly he was on the ground and out of his wheelchair. The Sergeant Brown and Officer Bey were pulling on his arms. Sergeant Singleton and Sergeant Jamar Thompson

approached and joined the other two officers. They were on top of him, making it hard to breath, and someone was pushing a knee into his side. He was placed in his wheelchair and cuffed behind his back. Then, a Sergeant Thompson said, "watch this." Sergeant Thompson approached Mr. Johnson from behind. He grabbed Mr. Johnson's wrists and lifted them up toward his head and then twisted them.

When the incident had concluded, Mr. Johnson heard the officers coming up with a story about what happened. They agreed that Sergeant Brown would say that Mr. Johnson spat on her to justify the use of force. Sergeant Singleton and Sergeant Thompson didn't want to do paperwork, so they decided that they would say that the situation was under control when they arrived.

Under the Eighth Amendment, prisoners can't be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386, 396 (1989), *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied* 414 U.S. 1033 (1973).

Giving Mr. Johnson the benefit of all reasonable inferences, it can plausibly be inferred that the four individuals involved in the October 7, 2023 incident each used force maliciously and sadistically to cause harm to Mr. Johnson. Therefore, he will be permitted to proceed against them.

Mr. Johnson also named Warden Smiley as a defendant. This court ordered that the Warden of the Westville Correctional Facility be added as a defendant for purposes of identifying the unknown defendants. The previously unknown defendants have now been identified, and Mr. Johnson doesn't allege that Warden Smiley was personally involved in the events giving rise to this complaint. Therefore, Warden Smiley will be dismissed.

Mr. Johnson has also listed Westville Correctional Facility Staff as a defendant, but his complaint contains no allegations against staff outside of those against the four officers involved in the alleged use of excessive force. As already explained (ECF 14), Mr. Johnson cannot proceed against non-specific members of the staff at the Westville Correctional Facility, because he hasn't alleged that any particular person violated his rights. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (Public officials "are responsible for their own misdeeds but not for anyone else's."). Therefore, Westville Correctional Facility Staff will be dismissed.

For these reasons, the court:

(1) GRANTS Christopher Mr. Johnson leave to proceed against Sergeant Jessica Brown, Sergeant Andre Bey, Sergeant Kenneth Singleton, and Sergeant Jamar Thompson

in their individual capacities for compensatory and punitive damages for using excessive force against Mr. Johnson on October 7, 2023, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Smiley and Westville Correctional Facility Staff;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Jessica Brown, Sergeant Andre Bey, Sergeant Kenneth Singleton, and Sergeant Jamar Thompson, at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 22);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who doesn't waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant Jessica Brown, Sergeant Andre Bey, Sergeant Kenneth Singleton, and Sergeant Jamar Thompson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 17, 2024
*s/ Damon R. Leichty*
Judge, United States District Court