UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER M. JOHNSON,

    Plaintiff,

v.

KENNETH SINGLETON *et al.*,

    Defendants.

CAUSE NO. 3:23-CV-1087 DRL-AZ

OPINION AND ORDER

Christopher Johnson, a prisoner without a lawyer, is proceeding in this case "against Sergeant Jessica Brown, Sergeant Andre Bey, Sergeant Kenneth Singleton, and Sergeant Jamar Thompson in their individual capacities for compensatory and punitive damages for using excessive force against Mr. Johnson on October 7, 2023, in violation of the Eighth Amendment[.]" ECF 26 at 3-4. The defendants filed a summary judgment motion, arguing Mr. Johnson didn't exhaust his available administrative remedies before filing this lawsuit. ECF 51. Mr. Johnson filed a response and the defendants filed a reply. ECF 61, ECF 66. The motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility (WCF) and Mr. Johnson's grievance records. During all relevant times, an Offender Grievance Process was in place at WCF. ECF 52-1 at 2. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal

to the Department Grievance Manager. *Id.* at 3. Mr. Johnson's grievance records show he never submitted any grievance at WCF related to his claim the defendants used excessive force against him on October 7, 2023. *Id.* at 7; ECF 52-3.

In his response, Mr. Johnson concedes he never fully exhausted any relevant grievance. The court accepts this as undisputed. Instead, Mr. Johnson argues his administrative remedies were unavailable for two reasons.

First, Mr. Johnson argues his administrative remedies were unavailable because he was unable to submit a timely grievance within ten business days of the incident, as he was held in an observation cell without access to grievance forms or writing utensils for one month following the defendants' October 7 use of force. ECF 61-2 at 1. It's true the Offender Grievance Process requires inmates to submit a grievance "no later than ten (10) business days from the date of the incident giving rise to the complaint[.]" ECF 52-2 at 9. But the Offender Grievance Process also allows inmates who are unable to comply with this timeframe to request a "Time Limit Extension" to submit an untimely grievance. *See id.* at 14 ("If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review."). Because the Offender Grievance Process allowed Mr. Johnson to request a "Time Limit Extension" to submit a grievance regarding the October 7 use of force once he was released from the observation cell, the fact he was

3

unable to submit a grievance from the observation cell did not make his administrative remedies unavailable.

Second, Mr. Johnson argues his administrative remedies were unavailable because he tried to file a grievance once he was removed from the observation cell but "the grievance officer refused to process the grievance." ECF 61-2 at 1. However, accepting as true that Mr. Johnson submitted a grievance that was not processed by the grievance office, the Offender Grievance Process still provided Mr. Johnson with an available remedy to exhaust. Specifically, the Offender Grievance Process provides that, in the event an inmate submits a grievance and doesn't receive a receipt or response from the Grievance Specialist within ten business days, the inmate must "notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 52-2 at 9. Mr. Johnson doesn't argue or provide any evidence he complied with this requirement. Thus, accepting as true that Mr. Johnson submitted a grievance that was not processed by the grievance office, the undisputed facts show Mr. Johnson still had available administrative remedies he didn't exhaust because he provides no evidence he complied with the requirement to notify the Grievance of the lack of response to his grievance. *See Lockett*, 937 F.3d at 1027 (even accepting as true that the inmate filed a grievance, he must provide evidence he contacted the Grievance Specialist when he received no response to his grievance); *Lipscomb v. Galipeau*, No. 3:22-CV-106-JD-MGG, 2023 WL 1778435, 3 (N.D. Ind. Feb. 6, 2023) (granting

summary judgment to the defendant because the plaintiff did not provide evidence he notified the Grievance Specialist after not receiving a response to his grievance).

Thus, construing the facts in the light most favorable to Mr. Johnson, the undisputed facts show he had available remedies he didn't exhaust. The defendants have therefore met their burden to show Mr. Johnson didn't exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 51); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Christopher M. Johnson and to close this case.

SO ORDERED.

May 30, 2025                                        *s/ Damon R. Leichty*
                                                    Judge, United States District Court